

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 10 PM 2: 29

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JULIETTE S. FROST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-006 |
| | ) | |
| ST. JOSEPH HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff paid the filing fee in the above-captioned employment discrimination case on February 16, 2005. Because she is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 4). In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1-2). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), she had 120 days to accomplish service and that the failure to accomplish service could result in dismissal of this lawsuit. (Id. at 2). Once the 120 days allowed for service had elapsed, the Court entered a Show Cause Order on June 20, 2005 that directed Plaintiff to show cause why the case should not be dismissed for failure to effect service. (Doc. no. 5).

In response, Plaintiff submitted a letter in which she explained that she mistakenly thought that she had accomplished service when she paid her filing fee. (Doc. no. 7). However, as the Court explained in detail in its February 24, 2005 instruction Order, filed after

Plaintiff paid her filing fee, there are specific actions that must be taken to notify the defendants that a case has been filed against them. (Doc. no. 4, pp. 1-2). She further explained that she "has not really wanted to sue St. Joseph Hospital, but hoped that they would contact [her] to resolve this matter out of the Courts." (Doc. no. 7). Moreover, she stated that she was in the process of requesting that Defendants agree to participate in mediation. (Id.).

The Court then explained that pursuing mediation did not excuse Plaintiff from fulfilling her service responsibilities under the Federal Rules of Civil Procedure and that the Court could not allow the case to languish on the docket indefinitely. (Doc. no. 8, p. 2). Thus, Plaintiff was given an extension of time until August 1, 2005 to provide proof of service. The Court warned Plaintiff that any unserved Defendants would be subject to dismissal without prejudice. (Id.).

The extended deadline has now passed, and there is no proof of service in the record for any Defendant or any additional communication from Plaintiff. The Court has already exercised its discretion to extend the time for effecting service, Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005), but there is nothing from Plaintiff to indicate that she is any closer to effecting service than she was when she paid the filing fee on February 16, 2005. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 10th day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Juilette S. Frost, pro se, at home

CASE NO: CV105-6

DATE SERVED: 08/10/05

SERVED BY: THB

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate